RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/22/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM C. OSER | DOCKET NO. 1:12-CV-703; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES PENITENTIARY POLLOCK, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff William C. Oser filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is presently incarcerated at the United States Penitentiary at Lewisburg. He names as defendants the United States Penitentiary Pollock, Captain Cartrette, and Warden Martinez.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that on February 15, 2012, he was placed in the Special Housing Unit (SHU) for an alleged rule violation. A disciplinary hearing was conducted on March 6, 2012, and Plaintiff was convicted of the rule violation. He received a sanction of

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

fifteen days in segregation [Doc. #1, p.4], loss of telephone privileges, and loss of good time [Doc. #16, p.2]. Plaintiff alleges that, after fifteen days passed, he asked the warden about his continued confinement in the SHU. The warden and Captain Cartrette stated, "Gang members with such a disciplinary infraction will not remain on their compound." [Doc. #16, p.2] Plaintiff claims that the statement made by the warden "shows an intent to purposely confine Plaintiff excessively." [Doc. #16, p.2-3]² Plaintiff also claims that this statement of the warden shows deliberate indifference to religious equality. [Doc. #16, p.3]

Plaintiff alleges that his access to the courts was hindered by being transferred from prison to prison. Specifically, Plaintiff claims that he did not receive an October 1, 2012 order of this court until November 9, 2012. [Doc. #16]

Plaintiff also claims that the multiple prison transfers following his disciplinary conviction at Pollock was a retaliatory measure.

### Law and Analysis

**1. Retaliation**

Plaintiff makes a conclusory allegation that he was transferred from Pollock and other prisons as a "retaliatory

---

²In a prior complaint, Plaintiff alleged that he was held in the SHU beyond the fifteen day sentence in retaliation for trying to file the instant complaint; elsewhere, he claimed that it was because he is Muslim. However, Plaintiff failed to elaborate on or provide additional information regarding these claims in response to the Court's order to amend his complaint.

measure." He also claims that he was confined to the SHU either because he is Muslim, because he filed this law suit, or, most recently, because he is an alleged gang member. Plaintiff was ordered to amend his complaint to allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has not alleged evidence of motivation or a chronology of events from which retaliation may plausibly be inferred. See Id. (quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995), cert. denied sub nom Palermo v. Woods, 516 U.S. 1084(1996)). In fact, he has not presented a single fact in support of his allegation of retaliation - only his personal belief that he is the victim of retaliation, which is insufficient to state a claim. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

2. **Transfer**

It is apparent from his complaint and amended complaints that Plaintiff was transferred as a result of his disciplinary conviction and/or gang affiliation. "[A] prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility. See Wolters v. Federal Bureau of Prisons, 352 Fed.Appx 926 (5th Cir. 2009)(unpublished) citing Neals

v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) and Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Therefore, to the extent Plaintiff claims that he has a right to be housed at any particular facility, his claim fails.

### 3. Confinement in the Special Housing Unit

Plaintiff complains of his confinement in the SHU beyond the fifteen day sanction imposed for his disciplinary conviction. As noted above, Plaintiff does not have a liberty interest in his custodial classification. "[A]dministrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)(citing Sandin v. Conner, 515 U.S. 472 (1995)).

Additionally, plaintiff has not alleged any unconstitutional conditions of that confinement in the SHU. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff has not presented any allegations of conditions that "imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483.

Additionally, §1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages for an Eighth Amendment violation. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff has not alleged any physical injury in this case.

### 4. Access to Courts

Plaintiff alleges that his access to the courts was hindered by being transferred from prison to prison. Specifically, Plaintiff claims that he did not receive an October 1, 2012 order of this court until November 9, 2012. [Doc. #16] The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. Lewis v. Casey, 518 U.S. 343 (1996); Norton v. Dimazana, 122 F.3d 286, 289 (5th Cir. 1997). In order to state a claim for the violation of this right, an inmate must allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See Lewis v. Casey, 518 U.S. at 350-355, 116 S.Ct. at 2179-81; Eason v. Thaler, 73 F.3d at 1328; Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988

(1992); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). Plaintiff suffered no injury in this case as a result of the transfers. His claim was not dismissed for failure to prosecute, and he did not miss any deadlines. He simply cannot state a claim for the denial of access to the courts.

5. **Heck v. Humphrey; Edwards v. Balisok**

To the extent that Plaintiff challenges the disciplinary penalties imposed, he fails to state a claim for which relief can be granted. A civil rights plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(**extending Heck to prison disciplinary proceedings**). Thus, to the extent that Plaintiff seeks monetary damages related to his disciplinary sanctions, his claim calls into question the validity of the conviction. Since he lost good time, his claim is barred because he has not shown that the disciplinary conviction has been overturned.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

6

claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 22nd day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE